**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDWARD HARRIS (#78929)** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-892-SDD-EWD** |
| **JACOB C. JOHNSON, ET AL.** | |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on July 26, 2024.

                                            **ERIN WILDER-DOOMES**
                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD HARRIS (#78929) | CIVIL ACTION NO. |
| VERSUS | 22-892-SDD-EWD |
| JACOB C. JOHNSON, ET AL. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This case, filed by Edward Harris ("Plaintiff"), who is representing himself and who is housed at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, is subject to screening under 28 U.S.C. § 1915(e) and 28 U.S.C. §1915A. Because he fails to state a claim for which relief could be granted, it is recommended that Plaintiff's federal claims be dismissed, and that this Court decline to exercise supplemental jurisdiction over potential state law claims.

**I.    BACKGROUND**

Plaintiff filed this lawsuit on or about November 10, 2022 against Jacob C. Johnson, William Rosso, and Tammy Jack. Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 because he says Defendants acted deliberately indifferent to a serious medical need in violation of the Eighth Amendment.[1] On March 16, 2023, this Court ordered Plaintiff to file an amended complaint that would take the place of the original Complaint because, although Plaintiff said he had experienced interruptions in receiving medication for a serious health condition, he had not stated the effect the interruptions had on him, nor had he explained how each Defendant was personally liable.[2] Plaintiff complied with the Order and filed an amended complaint that named only Jack as a Defendant. Because Plaintiff was told to put all his information into the amended complaint, and he did not name Johnson or Rosso as defendants, they were terminated from this

---

[1] R. Doc. 1.
[2] R. Doc. 8.

lawsuit.³ Plaintiff asks for money damages and for injunctive relief to prevent Jack from "future curbing of Prednisone chain medications" and preventing Jack from stopping any cancer medication without first getting written permission from the hematology/oncology doctor at University Hospital at New Orleans.⁴

**II.    LAW & ANALYSIS**

    **A.  Standard of Review**

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.⁵ The screening process is intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal of any claim that does not pass court screening may be made before service of process or before any defendant has answered. Because Plaintiff is an inmate, and Defendant Tammy Jack is alleged to be an employee of LSP, Plaintiff's suit is subject to the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).⁶ This means that the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.⁷ "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

³ R. Doc. 9.
⁴ R. Doc. 9, p. 7.
⁵ 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). 28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Plaintiff was granted IFP status on February 13, 2023, so both statutes apply. R. Doc. 7.
⁶ *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
⁷ *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[10]

### B. Plaintiff's Amended Complaint Falls Short of Facts Needed to Show Deliberate Indifference to a Serious Medical Need

Plaintiff alleges that Tammy Jack intentionally interfered with Plaintiff getting prescription medication needed to keep his cancer in remission.[11]  He alleges that "[t]o keep the cancer remission in check, Hematology/Oncology Doctor University Hospital at New Orleans proscribed [sic][12] a specific treatment regimen of abiraterone acetate and prednisone in combination."[13]  Plaintiff received the medications as prescribed in January and February 2022, but in March 2022, he did not receive them.[14]  In April 2022, he again received his medications, but on May 19, 2022 Jack instructed the pharmacy not to dispense the prednisone because Plaintiff needed to see the dentist.[15]  The prescriptions were again dispensed on June 20, 2022.[16] Plaintiff does not describe any more interference with getting his prescriptions between June 2022, when he admits he was receiving the prescriptions, and November 2022, when suit was filed.

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).
[11] Plaintiff was diagnosed with, and treated for, prostate lymphoma while incarcerated. According to him, treatment successfully achieved remission.  R. Doc. 9, p. 3.
[12] "Sic" is used in brackets after a copied or quoted word that seems to be incorrect to show that the word is quoted exactly as it was written.  Here, it seems Plaintiff means to say a doctor at University Hospital *prescribed* a treatment regimen.
[13] R. Doc. 9, pp. 3-4.
[14] R. Doc. 9, p. 4.  It is unclear whether Plaintiff received either prescription in March 2022.
[15] R. Doc. 9, p. 4.
[16] R. Doc. 9, p. 4.

3

To establish liability for deliberate medical indifference, an inmate plaintiff must show "subjective recklessness as used in the criminal law."[17] The claim must meet both an objective test and a subjective test.[18] The objective test requires plaintiffs to show that the alleged constitutional deprivation was, objectively, "sufficiently serious."[19] To meet the subjective test, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[20] Whether the plaintiff has received the treatment or accommodation that she desires is not enough to state a claim for deliberate indifference unless there are exceptional circumstances.[21] Even negligence, neglect, unsuccessful treatment, or medical malpractice, will not generally establish deliberate medical indifference.[22] Rather, the deliberate indifference standard sets a very high bar: the plaintiff must be able to show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct" that would clearly demonstrate a complete disregard for a serious medical need.[23]

Plaintiff says Jack "was stopping his prescription for Prednisone because he had to see the dentist."[24] Plaintiff alleges this should not have been done without express permission of his oncology doctors, but Jack's decision to temporarily stop one medication, or instructing the pharmacy not to dispense his medications in combination[25] so Plaintiff could receive other

---

[17] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[18] *Id*., at 837.
[19] *Id.*, at 834, quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).
[20] *Id.*
[21] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[22] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).
[23] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).
[24] R. Doc. 9, p. 4.
[25] R. Doc. 9, p. 4.

treatment, is a matter of medical judgment.[26] It is well settled that a disagreement with medical judgment is not enough to establish deliberate indifference.[27]

Even if Plaintiff had shown that Jack was subjectively reckless in interrupting his treatment, at best he alleges a delay in treatment because he admits he was ultimately provided with his medications. Deliberate indifference may be "manifested by…prison guards…intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed,"[28] but a *delay* in medical care rises to the level of an Eighth Amendment violation only if there has been deliberate indifference that results in substantial harm.[29] Plaintiff does not allege that a delay in medical treatment caused him any harm, much less substantial harm, as would be required to state a claim for deliberate indifference to a serious medical need.[30]

---

[26] Jack is a nurse. R. Doc. 9, p. 2.
[27] *Kimble v. Correcthealth Jefferson, L.L.C.*, No. 22-30388, 2023 WL 3946437, at *2 (5th Cir. June 12, 2023) (affirming dismissal of the plaintiff's deliberate indifference claim against prison officials for, in part, allegedly pursuing a different treatment plan than one prescribed by University Medical Center); *Blank v. Bell*, 634 Fed.Appx. 445, 449 (5th Cir. 2016) ("[A] decision not to prescribe treatment recommended by an outside physician does not constitute deliberate indifference.") (citation omitted); *Perry v. Stanley*, 161 Fed.Appx. 437, 438 (5th Cir. 2006) ("unsuccessful medical treatment, acts of negligence, medical malpractice, or a prisoner's disagreement with prison officials regarding medical treatment are insufficient to establish an unconstitutional denial of medical care.")
[28] *Zambrano v. Davis*, No. 18-245, 2022 WL 504514, at *1 (N.D. Tex. Feb. 18, 2022).
[29] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm).
[30] Though Plaintiff vaguely references "the pain [his condition] causes" and alleges he "suffered severe pain and injury," these vague, conclusory statements do not establish substantial harm. *See Baughman v. Bowman*, No. 20-560, 2022 WL 19517281, at *14 (E.D. Tex. Nov. 2, 2022) (dismissing as frivolous deliberate indifference claim based upon delay in medical care where the plaintiff had not shown substantial harm and only alleged "pain" and "physical injury" without elaborating further). The Court instructed Plaintiff to "[e]xplain specifically what physical harm you claim to have suffered…," but Plaintiff did not follow the Court's instruction. R. Doc. 8, p. 3. Reading Plaintiff's allegations together, it appears he may be saying he suffered emotional pain because of fear of his cancer returning due to a lapse in treatment. *See, e.g,* R. Doc. 9, p. 5 ("Plaintiff was stressed out, anguished because he knew from what the Doctor said; 'that prostate cancer is a radical disease that if not oppressed will come back stronger than before.' Plaintiff was unable to sleep worrying not if, but when the cancer would come back, how could he handle it."). However, fear of disease is not enough to state a constitutional claim. *Cf. Fair v. Crochet*, No. 09-4196, 2010 WL 430806, at *8 (E.D. La. Feb. 4, 2010) ("[a]n unsubstantiated fear of contracting a serious disease is not a basis for a constitutional claim.") (internal quotation marks and citations omitted). Further, Plaintiff's fear of his cancer returning amounts to psychological injury. 42 U.S.C. § 1997e does not allow suit to be brought by a prisoner for mental or emotional injury "without a prior showing of physical injury or the commission of a sexual act." Accordingly, the lack of a showing of physical injury precludes recovery for any emotional harm Plaintiff claims to have suffered. While he mentions in a conclusory fashion that Jack's actions caused his bone marrow to decrease to a dangerous level, Plaintiff provides no support for this assertion. R. Doc. 9, p. 8. Further, the Court has uncovered no support for the assertion that a decrease in bone marrow would, in and of itself, amount to substantial harm, even though conditions that could result from decreased bone marrow may amount to substantial harm.

### C. Plaintiff Should Not Be Given Another Chance to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[31] "Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case."[32] Further, leave to amend is not required when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'"[33]

The Court specifically ordered Plaintiff to amend his complaint to better explain, and provide support for, his claims. Plaintiff took advantage of the opportunity and filed an Amended Complaint where he tried to better explain his claims.[34] Courts are not required to give multiple chances to amend, even to a plaintiff who is representing himself.[35] This is especially true when, as here, the Court told Plaintiff in significant detail what issues he needed to address and what information he needed to provide. Because, after amendment, Plaintiff's allegations still fall short of stating a constitutional claim, he should not be given another chance to amend if leave is requested.

### D. Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that Plaintiff's may be asking this Court to exercise supplemental jurisdiction over potential state law claims,[36] a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law,

---

[31] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).
[32] *Id.*
[33] *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016), citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).
[34] R. Docs. 8 & 9.
[35] *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165, at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).
[36] Although it is not clear exactly what state law claims Plaintiff intends to bring in this case, the Amended Complaint asserts supplemental jurisdiction over state law claims. R. Doc. 9, ¶ 2.

6

if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[37] District courts are given "wide latitude" in resolving state law claims,[38] and "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."[39] Having recommended dismissal of Plaintiff's federal claims, it is appropriate to decline supplemental jurisdiction over any potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that this Court decline the exercise of supplemental jurisdiction over Plaintiff's potential state law claims and that Plaintiff's federal claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.[40]

If Plaintiff requests leave to amend, **IT IS RECOMMENDED** that further leave be denied.

Signed in Baton Rouge, Louisiana, on July 26, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[37] 28 U.S.C. § 1367.

[38] *See Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011), quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966).

[39] *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))).

[40] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Report and Recommendation be adopted, the ruling will count as a strike.